UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANE T.,

    Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:24-CV-5922-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the denial of her application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff applied for DIB on October 19, 2021. Administrative Record (AR) 27. Her alleged date of disability onset is August 1, 2020. *Id.* Her requested hearing was held before an

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

1   Administrative Law Judge (ALJ) on February 29, 2024. AR 43–93. On March 27, 2024, the ALJ

2   issued a written decision finding Plaintiff not disabled. AR 24–42. The Appeals Council declined

3   Plaintiff's timely request for review, making the ALJ's decision the final agency action subject

4   to judicial review. AR 1–6. On November 5, 2024, Plaintiff filed a Complaint in this Court

5   seeking judicial review of the ALJ's decision. Dkt. 1.

## II.  STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

Plaintiff challenges the ALJ's finding, at step five, that her past work provided transferrable skills and requests the Court remand for an award of benefits. Dkt. 10.

**A.  Legal Framework**

At step five, an ALJ considers whether a claimant can perform work existing in significant numbers in the national economy based on her residual functional capacity, age, education, and work experience. *See* 20 C.F.R. § 404.1520(a)(4)(v). In so doing, the ALJ considers whether the claimant has skills from past work transferrable to skilled or semi-skilled work activities of other jobs. *See id.* §§ 404.1520(g)(1), 404.1560(c), 404.1568(d)(1). If an ALJ determines a claimant has acquired transferable work skills from past employment, the ALJ must identify the skills and positions to which they may be transferred. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1223–36 (9th Cir. 2009). The Vocational Expert (VE)'s testimony is

ordinarily substantial evidence on which an ALJ may rely in finding a claimant has transferable skills. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001).

**B.      The ALJ's Findings and the VE's Testimony**

Here, at step five, the ALJ found Plaintiff had the following transferrable skills from her past work as a print shop manager and printing machine operator: "customer service, clerical, printing, and processing." AR 36. The ALJ found Plaintiff could perform the positions of data entry clerk, cashier, order clerk, and customer service clerk. AR 36–37. He found those positions would "require skills acquired in the claimant's past relevant work but no additional skills." AR 36.

The ALJ indicated these findings were based on the VE's testimony. *See* AR 36–37. At the hearing, the ALJ asked the VE whether there would be "any transferability of job skills," to which the VE asked for clarification. *See* AR 79. After testifying Plaintiff acquired the skills of "customer service and some various clerical tasks and then also the printing and copying services," the VE was asked whether there was work Plaintiff could perform "given the skills that [she] would have acquired." AR 80. The VE testified Plaintiff could perform the various positions the ALJ ultimately identified at step five. AR 80–82.

After a colloquy with Plaintiff and her attorney about the extent of Plaintiff's computer skills (*see* AR 85–88), the ALJ and the VE had the following discussion:

> [ALJ]: [...] Do any of those jobs require setting up programs or, or doing anything other than either doing data entry on a keyboard or using a cash register?
>
> [VE]: They're all going to involve entry, entry on a computer or use of a scanner.
> . . .
> Q: [...] [W]e're not talking about advanced computer skills in these jobs are we?
>
> A: No.
> . . .

> Q: Okay [. . .] are these jobs consistent with jobs that are so similar to the claimant's past relevant work that the claimant would need to make very little if any vocational adjustments in terms of tools, work processes, work settings or the industry?
>
> A: I think what happens, in places like that, Your Honor, there's a person may have learned a particular system in their past work and to go into kind of future, present work they're going to have to learn some skills and there would be a period of orientation required to, to get up to speed.
>
> Q: Okay.
>
> A: Yes it would be similar.
>
> Q: Okay, so we're not talking about major changes in the use of retail equipment as far as cashier or retail sales or customer service even?
>
> A: That's correct.
>
> Q: We're not talking about somebody having to set up and learn totally new programs are we?
>
> A: No.

AR 89–90.

**C.      Analysis**

The ALJ erred in at least two respects: (1) at least some of the skills he identified were not skills but, rather, categories of skills, and (2) his finding that Plaintiff's skills would transfer to work existing in the national economy was not supported by substantial evidence and ignored Plaintiff's age.

1.  <u>Skills</u>

A skill is the

> knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

SSR 82-41. There may be some skills that are clerical in nature or related to customer service. But "customer service" and "clerical" are categories of skills, rather than specific skills themselves. SSR 82-41 lists the following as examples of clerical skills: "typing, filing, tabulating and posting data in record books, preparing invoices and statements, [and] operating adding and calculating machines." Similarly, "customer service" activities might include taking orders and updating customers on the status of those orders (*see* Customer-Service Clerk, Dictionary of Occupational Titles (DOT) 299.367-010), providing information to customers about merchandise (*see* Sales Attendant, DOT 299.677-010), handling customer complaints (*see* Customer-Complaint Clerk, DOT 241.367.014), or even soliciting sales and visiting customers to verify the completion of certain projects (*see* Customer Service Representative (radio-tv broadcasting), DOT 239.362-014).

   Not all clerical or customer service activities are "acquired through performance of an occupation which is above the unskilled level," as an activity must be to count as a skill. SSR 82-41. Positions performed at the unskilled level are those which have a Specific Vocational Preparation (SVP) level of 1 or 2. *See* SSR 00-4p. At least some positions involving the customer service-related activities of providing information to customers are unskilled. *See, e.g.*, Sales Attendant, DOT 299.677-010. Similarly, at least some positions involving the clerical activities of operating a cash register, making change, and pricing items are unskilled. *See, e.g.*, Cashier II (clerical), DOT 211.462-010.

   The ALJ did not specify which customer service or clerical skills Plaintiff acquired. *See* AR 36. The VE's testimony is no more illuminating. The only testimony the VE gave about specific customer service and clerical skills was his indication that all the jobs identified at step five would require data entry or use of a pricing scanner. *See* AR 89. But there are positions

involving the use of a pricing scanner that are unskilled (*see, e.g.*, Cashier II (clerical), DOT 211.462-010), so it is not clear whether such an activity would constitute a skill. Although data entry by keyboard may constitute a skill, Plaintiff's past work involved no extensive data entry, so it is not clear she acquired this skill in her past work. *See* AR 85–87 (Plaintiff testifying her past work did not involve "extensive data entry or computer use for typing" and that she did not perform any ordering for customers); *see also* AR 89 (VE testifying some additional training may be necessary for data entry work). In turn, there was not substantial evidence to support a finding that the specific customer service and clerical activities identified by the VE met the acquired skills threshold.

      The "acquired work skills must be identified" in the ALJ's step five determination. *See* SSR 82-41(6); *Bray*, 554 F.3d at 1224–25. Because the ALJ identified categories of activities (only some of which meet the definition of a skill), the ALJ erred by failing to make adequate findings related to Plaintiff's acquired work skills. Furthermore, because the ALJ's step five finding appears to be based, in part, on VE testimony related to work activities falling outside the definition of skills or involving skills not apparently acquired in Plaintiff's past work, the Court cannot "confidently conclude" the error was inconsequential to the ultimate disability determination, *see Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015), and therefore reverses.

      2. <u>Transferability</u>

      The ALJ's finding that the skills identified were transferrable to other work existing in the national economy was also deficient. Skills are transferable when they "can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." 20 C.F.R. § 404.1568(d)(1). Transferability is "most probable" among jobs involving "[t]he same or

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

a lesser degree of skill," "[t]he same or similar tools and machines," and "[t]he same or similar raw materials, products, processes, or services." *Id.* § 404.1568(d)(2).

The ALJ found the skills identified at step five "require skills acquired in the claimant's past relevant work but no additional skills." AR 36. Because skills are transferable when they can be used to meet the requirements of other work, *see* 20 C.F.R. § 404.1568(d)(1), this finding would be legally sufficient to find Plaintiff's skills transferable. *See also* SSR 82-41(6) (requiring ALJs to specify work skills transferable to specific occupations but omitting any requirement they discuss the transferability factors in § 404.1568(d)(2)).

However, the ALJ's finding here is not supported by substantial evidence. The VE was not asked at the hearing whether the work identified at step five would require only the skills identified by the ALJ. *See* AR 80–89. The ALJ first asked the VE if there was work Plaintiff could perform "given the skills" she acquired (AR 80), but this does not limit the VE to testifying that the work identified would require only those skills. Indeed, casting doubt upon the ALJ's finding, the VE testified Plaintiff would require additional training to operate some of the particular systems required at her new job and to engage in the speed of keyboarding necessary to perform data entry required by some of the positions identified. *See* AR 88–89.

The ALJ did later ask the VE to identify work "within the transferability" of Plaintiff's skills (AR 82), but it is not clear the VE answered that question in a manner consistent with the ALJ's findings. Although the VE is ordinarily presumed to be familiar with terms of art like "transferability," the VE here expressed confusion at the question of whether Plaintiff had transferrable skills (*see* AR 80) and later indicated Plaintiff would require additional training to perform some of the work activities he identified as part of positions identified (AR 88–89),

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7

which is sufficient to rebut this presumption. *See Conway v. O'Malley*, 96 F.4th 1275, 1280–81 (9th Cir. 2024) (presumption rebutted by testimony indicating unfamiliarity with term of art).

Thus, the VE's testimony cannot be read to support the ALJ's finding that the positions identified would require no additional skills beyond those used in Plaintiff's prior work. That finding is therefore not supported by substantial evidence. Because the ALJ made no additional findings about the extent to which Plaintiff would be able to adjust to the positions identified and the VE testimony on the matter suggests at least some difficulties with transferability, the ALJ's transferability finding was erroneous.

Additionally, the ALJ failed to properly consider Plaintiff's advanced age in making his transferability finding. When a claimant is at least 60 years old (as Plaintiff was beginning in 2023, *see* AR 94) and is found capable of only light work (as the ALJ found Plaintiff was, *see* AR 31), "there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. § 404, subpart P, App'x 2, Rule 202.00(f). The ALJ made no findings about whether there would be minimal vocational adjustment required. *See* AR 36. The VE's testimony in response to the ALJ's question about vocational adjustment establishes, at most, that there would be very little adjustment in terms of the technological tools used in the positions identified. As discussed, it is questionable whether those technical tools themselves constitute skills, and some of the VE's subsequent testimony undermines that claim. The testimony does not show there would be little vocational adjustment in work processes, work settings, or the industry. *See* 20 C.F.R. § 404, subpart P, App'x 2, Rule 202.00(f). The ALJ therefore failed to properly consider Plaintiff's changed age category.

In sum, the ALJ's transferability finding was not supported by substantial evidence and improperly ignored Plaintiff's age. Because the ALJ's step five determination was based on a

finding that Plaintiff acquired transferable skills, this error requires reversal. *See Bray*, 554 F.3d at 1229. Having found reversable error, the Court need not consider Plaintiff's remaining points of error.

**D.     Remedy**

Plaintiff requests the Court remand for an award of benefits. Dkt. 10 at 9–10. Plaintiff has established error in the ALJ's transferability finding. However, the Court does not find the record establishes Plaintiff has no transferable skills and therefore finds this error only requires remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (further ambiguities or gaps in record justify remand for further proceedings); *Bray*, 554 F.3d at 1226 (remanding for further proceedings where ALJ erred in failing to make sufficient findings in transferability analysis).

Plaintiff contends a remand for an award of benefits is appropriate here because, after the ALJ's decision, the Commissioner modified its definition of past relevant work such that Plaintiff would have no past work, and therefore no transferrable skills, and, under the medical-vocational guidelines, this would result in a finding of disability. Dkt. 10 at 9–10; *see generally* SSR 24-2p.

However, the Court cannot engage in "general legal oversight" of the Commissioner's determinations of whether to award benefits. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021). Rather, the Court is limited to reviewing the Commissioner's final decision. *See* 42 U.S.C. § 405(g). For this reason, error in "one particular inadequacy in government administration" cannot authorize the Court "to remedy *all* inadequacies in that administration." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (emphasis in original). Instead, "a plaintiff's remedy

must be 'limited to the inadequacy that produced his injury in fact.'" *Gill v. Whitford*, 585 U.S. 48, 66 (2018) (quoting *Lewis*, 518 U.S. at 357).

Plaintiff cannot show legal error from the ALJ's failure to apply the new definition of past work because that definition was not in effect when the ALJ's decision was rendered. *See* SSR 24-2p; *see also Ziffrin, Inc. v. United States*, 318 U.S. 73, 78 (1943) ("[T]he [Interstate Commerce] Commission was required to act under the law as it existed when its order of May 29, 1941, was entered."). The Court therefore declines to fashion a remedy based on the new definition of past relevant work and remands for further administrative proceedings.

### IV. CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 29th day of May, 2025.

David W. Christel
United States Magistrate Judge